IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD VOSBERG | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  13 C 1552 |
| | ) | |
| SMITH & NEPHEW, INC. | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Vosberg filed a two-count complaint alleging that Defendant Smith & Nephew, Inc. acted negligently and breached its implied warranty of merchantability by manufacturing, distributing, and failing to properly inspect a defective artificial hip replacement system.   Vosberg alleges that he had the defective hip replacement implanted into his body and as a result suffered pain and discomfort.   He was then required to undergo a second surgery to replace the artificial hip.   Smith & Nephew moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss both counts of Vosberg's Complaint for failure to state a claim.   The Court denies that motion.

## STATEMENT OF FACTS

The following facts are taken from Vosberg's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).   All reasonable inferences are drawn in favor of Vosberg, the non-moving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

In 2008, Vosberg underwent right hip revision/replacement surgery. (Complaint, ¶ 4.) During the surgery, an artificial hip manufactured by Smith & Nephew was implanted into his

body. (*Id.*)   In April 2011, Vosberg learned that the hip had failed and that dangerous metals were being released into his body, causing him pain and discomfort. (*Id.* ¶ 5.)   Vosberg underwent surgery to remove the Smith & Nephew hip and it was subsequently confirmed that the hip implant had failed. (*Id.*)

In Count I of his Complaint, Vosberg alleges that Smith & Nephew owed a duty to use reasonable care in the manufacturing and design of the hip replacement and to test, inspect for, and warn of defects and dangerous propensities and conditions inherent in and arising from the replacement. (*Id.* ¶¶ 8–9.)   According to Vosberg, Smith & Nephew was negligent in its testing, certification, assembly, and manufacturing of the hip replacement. (*Id.* ¶ 10.)   Specifically, Vosberg alleges that Smith & Nephew committed one or more of the following acts or omissions: (1) negligently manufacturing, distributing, and selling the hip replacement because it was not of proper strength, durability, and metallurgical integrity; (2) failing to adequately test the hip replacement to discover that it was defective in composition, structure, and strength; (3) failing to provide adequate safeguards to protect patients and; (4) failing to warn of these defects even though it knew or should have known that Vosberg would not realize or appreciate the dangerous conditions arising from the use of the hip replacement.[1]  (*Id.* ¶ 11.)

Count II of Vosberg's Complaint alleges that Smith & Nephew breached the implied warranty of merchantability. (*Id.* ¶ 13.)   Specifically, Vosberg alleges that Smith & Nephew was a merchant of the hip replacement and that it was reasonable for Smith & Nephew to expect that he

---

[1] Four paragraphs of Vosberg's Complaint refer to a "Plaintiff Cahill." (Complaint, ¶¶ 11(d), 13, 15, 17.)   The Court assumes these are typos, or more likely, remnants from an old complaint plaintiff's counsel failed to take the time to update when filing this case. *See Cahill v. Smith & Nephew*, No. 08 C 255, Dkt. No. 1 (two-count complaint in which plaintiff Mary Theresa Cahill alleges Defendant Smith & Nephew, Inc. acted negligently and violated the implied warranty of merchantability by installing a defective hip replacement that forced Cahill to undergo surgery to replace and remove the defective hip with a new one). Rather than delay the litigation by ordering that counsel file an amended, more thoroughly proofread Complaint, the Court proceeds for the purposes of this Motion to Dismiss based on its understanding that plaintiff's counsel intended to refer to Vosberg and not Cahill in the above-cited paragraphs of the Complaint.   Plaintiff is ordered to file a corrected Amended Complaint by July 1, 2013.

would be affected by its use and operation. (*Id.* ¶¶ 14–15.) Vosberg asserts that the hip replacement was substandard, subject to breakage, and not fit for its ordinary purpose as evidenced by the fact that it sheared into two pieces. (*Id.* ¶ 16.) Vosberg further asserts that he provided notice of the breach of implied warranty of merchantability to Smith & Nephew pursuant to 810 ILCS 5/2-607(3), which provides that "[w]here a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy …." (*Id.* ¶ 17.)

Vosberg alleges that as a direct and proximate result of Smith & Nephew's negligence, he was required to undergo surgery to remove and replace the defective hip, experienced pain and suffering, incurred substantial medical bills, suffered a loss of a normal life, and is unable to carry out his usual and daily activities. (*Id.* ¶¶ 12, 18.)

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 8(a)(2) imposes "two easy-to-clear hurdles" that a complaint must satisfy in order to survive a motion to dismiss pursuant to Federal Rule of

Procedure 12(b)(6). *Tamayo*, 526 F.3d at 1084 (quoting *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, a complaint must describe the plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendant fair notice of what the claim is and the ground upon which it rests." *Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012) (quoting *Tamayo*, 526 F.3d at 1084). Second, the Court must determine whether the well-pleaded allegations, if true, "plausibly suggest a right to relief, raising that possibility above a speculative level." *See Iqbal* 556 U.S. at 679; *Concentra*, 496 F.3d at 776. A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Though the "degree of specificity required is not easily quantified … 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.' " *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson*, 614 F.3d at 404). If a complaint does not satisfy these two criteria, "the plaintiff pleads itself out of court." *Concentra*, 496 F.3d at 776.

## DISCUSSION

In Illinois, "[a] product liability action asserting a claim based on negligence … falls within the framework of common law negligence." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 746 (7th Cir. 2007) (citing *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 250 (Ill. 2007)). In order to state a claim for negligence under Illinois law, "a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1148 (7th Cir. 2010) (quoting *Bell v. Hutsell*, 931 N.E.2d 299, 302 (Ill. 2010)). In order to state a claim for breach of implied warranty of merchantability, Vosberg must allege that: (1) Smith & Nephew's hip replacement was not merchantable at the time of sale;

(2) he suffered damages as a result of the defective hip replacement; and (3) he gave Smith & Nephew notice of the defect. 810 ILCS 5/2-314; *see, e.g., Munch v. Sears Roebuck and Co.*, No. 06 C 7023, 2007 WL 2461660, at *4 (N.D. Ill. Aug. 27, 2007); *Industrial Hard Chrome Ltd. v. Hetran, Inc.*, 64 F.Supp.2d 741, 748 (N.D.Ill. 1999). To be "merchantable," the goods must be, among other things, fit for the ordinary purpose for which the goods are used. 810 ILCS 5/2/-314(2)(c); *Munch*, 2007 WL 2461660, at *4 (citing *Hetran*, 64 F.Supp. at 748).

The allegations set forth in Vosberg's Complaint satisfy the minimum pleading requirements under Rule 8 for both claims. Vosberg's negligence claim alleges that that Smith & Nephew owed a duty to Vosberg to exercise reasonable care in the manufacturing and design of the hip replacement and to test, inspect for, and warn of defects and dangerous propensities and conditions inherent in and arising from the hip replacement. With respect to the element of breach, the Complaint alleges that Smith & Nephew: (1) negligently manufactured and sold a hip replacement that was not of proper strength, durability, or metallurgical integrity; (2) failed to adequately test the hip replacement to discover it was defective in composition, strength, and structure; (3) failed to provide safeguards to protect individuals such as himself and; (4) failed to warn of defects Smith & Nephew was or should have been aware of. Lastly, Vosberg alleges that as a proximate result of the above acts and omissions, he was required to undergo a second hip replacement surgery that resulted in pain and suffering, loss of a normal life, an inability to carry out his usual and daily activities, and substantial medical costs. These allegations, assumed to be true at this stage in the proceedings, are sufficient to state a claim for negligence that is both plausible on its face and sufficient to give Smith & Nephew fair notice of the claim against it.

Count II of the Complaint also meets Rule 8's pleading requirements. First, Vosberg alleges that the hip was not fit for its ordinary purpose and was not of merchantable quality because it was subject to breakage, and specifically, because it "sheared in two pieces." Second, Vosberg has alleged he suffered damages as a result of the defective hip replacement. Third, Vosberg asserts that he has provided Smith & Nephew notice of the breach in accordance with 810 ILCS 5/2-607(3). These allegations are sufficient to state a claim for breach of implied warranty of merchantability.

Smith & Nephew nevertheless argues that Vosberg's Complaint must be dismissed because it is "lacking in factual detail." Specifically, Smith & Nephew maintains that the Complaint contains no information regarding the month and date of his 2008 hip replacement surgery, the manner by which he learned that his hip had failed, the specific part numbers (as opposed to the model numbers, which are identified in the Complaint) that were defective, or whether it was the rod or ball component of the hip replacement that sheared in two. Smith & Nephew also asserts that Vosberg has provided no description or proof of the notice he allegedly gave Smith & Nephew pursuant to 810 ILCS 5/2-607(3). However such factual details need not be alleged in order to satisfy the minimum pleading requirements set forth in Rule 8. *See* Fed.R.Civ.P. 8(a)(2) (pleadings must contain a "short plain statement of the claim showing that the pleader is entitled to relief."); *Iqbal*, 556 U.S. at 678 ("Detailed factual allegations" are not required in order to survive a Rule 12(b)(6) motion). Drawing all reasonable inference in favor of Vosberg, the Court finds that the sufficiently alleges that a substandard and defective hip designed and manufactured by Smith & Nephew was implanted into Vosberg and subsequently removed as a result of a defect caused by Smith & Nephew's negligence and breach of its implied warranty of

merchantability. At this stage in the proceedings, the Court finds that these allegations sufficiently "present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson*, 614 F.3d at 404).

## CONCLUSION AND ORDER

For the reasons stated, Smith & Nephew's Motion to Dismiss is denied. Vosberg is ordered to file a corrected Amended Complaint by July 1, 2013.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date:   June 18, 2013